**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 12 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISIDRO REVUELTA REVUELTA, | No. 17-72258 |
| Petitioner, | Agency No. A077-419-449 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2020[**]
San Francisco, California

Before: SILER,[***] WARDLAW, and M. SMITH, Circuit Judges.

Isidro Revuelta Revuelta ("Revuelta") petitions for review of an order of the

Board of Immigration Appeals ("BIA") and moves for remand to the Executive

Office of Immigration Review ("EOIR"). We have jurisdiction pursuant to 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

§ 1252. We deny the petition for review because the Immigration Judge's ("IJ") and BIA's decisions denying asylum and withholding of removal are supported by substantial evidence. *See Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (explaining the standard of review). We also deny the motion to remand based on *Pereira v. Sessions* because Revuelta's argument is foreclosed by Ninth Circuit precedent.

Revuelta claims that he is entitled to asylum because he has demonstrated that he cannot return to Mexico "because of persecution or a well-founded fear of persecution on account of . . . membership in particular [] social group[s]." *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A).

To establish past persecution, Revuelta must show "(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Navas v. INS*, 217 F.3d 646, 655-56 (9th Cir. 2000).

Here, the IJ's and BIA's decisions concluding that Revuelta failed to show past persecution on account of one of the statutorily-protected grounds are supported by substantial evidence.

In 2013, while in Michoacán, Mexico to repair and sell two properties he owned, Revuelta claims that he was abducted by four or five armed men, members

of a cartel called the Knights Templar. He testified that these men took him to a warehouse where there were many people. The armed men instructed him to sign a form that he understood was to assign rights to one of his properties to the cartel. While at the warehouse, Revuelta witnessed another man being beaten but was not physically harmed himself and left on foot.

Subsequently, Revuelta received a telephone call instructing him to go to a car wash. He complied and testified that he met two unknown men at the car wash. During this incident, Revuelta overheard a telephone conversation between one of the unknown men and his "commander." Revuelta testified that he heard the commander clearly instruct the man at the car wash to kill Revuelta. Even so, Revuelta left unharmed. Finally, in his declaration, Revuelta stated that the Knights Templar called him and threatened to kill him if he did not give them 35% of the proceeds from the sale of his second property.

The IJ and BIA correctly concluded that this conduct did not constitute persecution. These two incidents are not the type of offensive conduct that qualifies as persecution. There is no credible evidence that Revuelta was physically harmed as a result of either incident. Additionally, there is no evidence that the unknown men who met Revuelta at the car wash were associated with the armed men who abducted and extorted Revuelta.

17-72258

Of course, threats and economic persecution may constitute persecution even if an applicant has not been physically harmed. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1072-74 (9th Cir. 2004). Still, there is no evidence in this case, unlike the situation in *Baballah*, that demonstrates relentless harassment or attacks that would support a finding of past persecution.

Moreover, Revuelta's argument that the IJ and BIA failed to give the proper weight to the events of his childhood is unavailing. The IJ specifically considered the deaths of Revuelta's brothers. And evidence of Revuelta's difficult childhood is well-established in the record. In any event, Revuelta's return trips to Mexico undermine any claimed past persecution occurring before 2012. *See Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008).

The IJ and BIA also properly held that Revuelta failed to demonstrate that he was persecuted "on account of" or "because of" his membership in particular social groups. 8 U.S.C. § 1101(a)(42)(A); *INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992); *Parussimova v. Mukasey*, 555 F.3d 734, 739-42 (9th Cir. 2009).

First, there is no evidence that Revuelta's brothers were killed based on family membership. While tragic, the evidence suggests that these events were unrelated to each other and to family membership. Second, there is an insufficient nexus between Revuelta's status as a property owner who defied extortion and the harm he suffered in 2013.

Revuelta also failed to establish an objectively reasonable fear of future persecution. *Cf. Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir. 2004). The IJ and BIA recognized the pervasiveness of violence in Michoacán. Even so, the BIA correctly noted that Revuelta "did not establish that his fear of gangs differs from the general threat of criminal harm affecting the entire country." *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Additionally, the IJ conducted a proper individualized analysis and determined that Revuelta could reasonably and safely relocate to another region in Mexico. *See Singh v. Whitaker*, 914 F.3d 654, 659-61 (9th Cir. 2019).

Revuelta failed to establish entitlement to humanitarian asylum because he has neither demonstrated that he suffered past persecution nor established a reasonable possibility that he may suffer other serious harm upon removal to Mexico. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A)-(B); *see also Hanna v. Keisler*, 506 F.3d 933, 939 (9th Cir. 2007).

The BIA did not err in finding that Revuelta's withholding of removal claim falls with his asylum claim. 8 C.F.R. § 1208.16(b)(2); *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

Lastly, we do not reach the merits of Revuelta's challenge to denial of Convention Against Torture ("CAT") protection because he failed to exhaust the

claim by not raising it in his brief to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

In sum, the record demonstrates that Revuelta had a difficult childhood, was faced with family tragedies, and fell victim to indiscriminate criminal conduct in a particularly dangerous area of Mexico. This evidence does not compel a finding contrary to the decisions of the IJ and BIA denying asylum. Accordingly, the petition for review is denied.

Revuelta has also moved to remand to the EOIR based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018)—arguing that the IJ lacked jurisdiction because the initial notice to appear lacked the date, time, and location of his hearing. But this court has considered and rejected an identical argument on the merits. *Karingithi v. Whitaker*, 913 F.3d 1158, 1159-62 (9th Cir. 2019). As a result, the motion to remand is denied.

The petition for review and motion to remand are DENIED.

17-72258